UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SUSAN TROPEANO and JOSEPH TROPEANO,

                Plaintiffs,

  -against-

THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION (d/b/a The New York City Department of Education); JOEL KLEIN, individually and in his official capacity as Chancellor or the New York City Department of Education; PHYLLIS LEINWAND, individually and in her official capacity as Principal at P.S. 66; PATRICIA SHEEHAN, individually and in her official capacity as Assistant Principal at P.S. 66; KATHLEEN LAVIN, individually and in her official capacity as Local Instructional Superintendent of District 27, Region 5; KATHLEEN CASHIN, individually and in her official capacity as Regional Superintendent of District 27, Region 5; MICHELLE LLOYD-BEY, individually and in her official capacity as Community Superintendent of District 27, Region 5; AUDREY JACOBSON, individually and in her official capacity as Medical Director of the New York City Department of Education; KAREN MARINO, individually and in her official capacity as Personnel Manager of the New York City Department of Education; MARTIN F. SCHEINMAN, individually and in his official capacity as Arbitrator/Hearing Officer in accordance with the American Arbitration Association; UNITED FEDERATION OF TEACHERS, Queens Borough Office; MARILYN COOPER, individually and in her official capacity as District Representative of the Queens UFT; HAROLYN FRITZ, individually and in her official capacity as Queens Borough Representative of the Queens UFT; EVELYN SEROY, individually and in her official capacity as Special Representative of the Queens UFT; AL SAMUELS, individually and in his official capacity as Special Representative of the Queens UFT; PETER MAYGLOTHLING, individually and in his official capacity as Special Representative of the Queens UFT; ROGER ROTH, individually and in his official capacity as Special Representative of the Queens UFT; MARY GRACE O'GARA, individually and in her official capacity

DOCKET & FILE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ OCT 31 2006 ★

BROOKLYN OFFICE

**MEMORANDUM and ORDER**

06-CV-2218 (SLT)

as UFT Chapter Leader at P.S. 66; UNITED
FEDERATION OF TEACHERS, Manhattan
Headquarters; HOWARD SOLOMON, individually and
in his official capacity as Director of the UFT Grievance
Department, Manhattan Headquarters; ELLEN PROCIDA,
individually and in her official capacity as Special
Representative, Manhattan Headquarters; TY CHESS,
individually and in his official capacity as Assistant to the
President of the UFT, Manhattan Headquarters; RANDY
WEINGARTEN, individually and in her official capacity as
President of the UFT, Manhattan Headquarters; KITTY
WILLISTON, individually and in her official capacity as
UFT Program Director, Manhattan Headquarters; NEW
YORK STATE UNITED TEACHERS; JAMES R.
SANDER, individually and in his official capacity as
General Counsel of New York State United Teachers,

                                  Defendants.

-------------------------------------------------------------------------------x

**TOWNES, United States District Judge:**

Plaintiff Susan Tropeano[1] brings this *pro se* action alleging violations of Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Civil Rights Act and a variety of other state law causes of action. The Court grants plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915 and directs plaintiff to file an amended complaint within 30 days of the date of this Order as set forth below.

Background

The complaint consists of numerous allegations of workplace disputes between plaintiff Susan Tropeano, a teacher who worked for the New York City Department of Education ("DOE")

---

[1] Because Mr. Tropeano did not submit an *in forma pauperis* application, the Court does not address whether Mr. Tropeano should be permitted to proceed *in forma pauperis* at this time and does not address any claims in the complaint which may be related to Mr. Tropeano. Instead, the Court directs Mr. Tropeano to either submit an application to proceed *in forma pauperis* or pay the filing fee within 15 days of the date of this Order if he wishes to proceed in this action. The Court, however, notes that a review of the instant complaint does not show that Mr. Tropeano has standing to bring claims against the named defendants based on the federal statutes cited therein. Rather, the instant complaint concerns claims personal to plaintiff Susan Tropeano.

2

for 19 years, and defendant Leinwand, the principal of P.S. 66, and her staff -- where plaintiff last worked. The complaint's allegations date back to the 2001-02 school year and culminate on February 13, 2004, when plaintiff did not return to P.S. 66 on the advice of her doctor. Compl. at 11-48. Plaintiff alleges that she complained to the United Federation of Teachers (UFT) and other union representatives regarding these disputes and violations of the collective bargaining agreement, but that they failed to adequately represent her. Compl. at 11, 48-88. On March 2, 2004, plaintiff was placed on an unauthorized leave, Compl. at 54, and was suspended on March 21, 2004. Compl. at 52.

The unauthorized leave designation resulted in plaintiff's loss of salary, medical benefits and caused plaintiff's pension to be frozen. Compl. at 55. Plaintiff contends that "the proper leaves are a medical sabbatical followed by a line of duty injury, as both leaves offer a teacher compensation and benefits." Compl. at 70. Plaintiff alleges that her pension account and her other financial investments are in "constant turmoil." Compl. at 71. Plaintiff further alleges that she hired an attorney to file an Article 78 proceeding in the New York State Supreme Court, Queens County, "to seek emergency relief as she was stripped of her salary since March 2004; and shortly thereafter, all benefits including medical and welfare benefits, pension and TDA." Compl. at 62-63. According to plaintiff, "[t]he City unlawfully won the Article 78." Compl. at 64, 78. Plaintiff alleges that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and a right to sue letter was issued on February 24, 2006. Compl. at 10; Exhibit A.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis*, if it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be

granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). Because plaintiff is proceeding *pro se*, her papers must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## Discussion

I.  **Claims under Title VII, ADEA and the ADA**

   A.  **Improper Defendants under Title VII, ADEA and ADA**

   At the outset, plaintiff cannot proceed against defendant Leinwand and the other named individuals under Title VII. Title VII does not provide for individual liability of employees. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir.1995). In view of the similarity between the definition of employer under Title VII and under the ADEA and the ADA, there is no individual liability for employees under any of these acts. See e.g., Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996) (addressing the ADA); EEOC. v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1282 (7th Cir. 1995) (addressing the ADA); Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996) (addressing the ADEA); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995) (addressing the ADEA). Therefore, plaintiff's discrimination claims against Leinwand and the other individual defendants are hereby dismissed for failure to state a claim under Title VII, the ADEA and the ADA. 28 U.S.C. § 1915(e)(2)(B).

## B. Exhaustion of Administrative Remedies

Plaintiff is advised that this Court may not have jurisdiction to hear plaintiff's employment discrimination claims under Title VII, the ADEA or the ADA if those claims were not raised by plaintiff at the administrative level. See Butts v. City of New York Dep't of Hous. Preserv. and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), *abrogated by statute on other grounds as stated in* Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 693 (2d Cir. 1998). To bring an action under these statutes in federal court, the person claiming discrimination must first assert those claims before the EEOC or the equivalent state agency. Brown v. Coach Stores, Inc., 163 F.3d 706, 712 (2d Cir. 1998). While plaintiff makes numerous allegations in her 143-page complaint, she fails to provide any information regarding the discrimination charge filed with the EEOC. Therefore, the Court cannot determine whether plaintiff's instant discrimination claims under Title VII, the ADEA and the ADA were presented at the administrative level.

## C. 300-Day Filing Period

In addition to filing a charge of discrimination, plaintiff must file such charge in a timely manner. Under Title VII, the ADEA or the ADA, a New York plaintiff must file an administrative claim with the EEOC within 300 days of the discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1); McPherson v. New York City Dep't of Ed., 457 F.3d 211, 213 (2d Cir. 2006) (Title VII and ADEA); Flaherty v. Metromail Corp., 235 F.3d 133, 137 n.1 (2d Cir. 2000); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999) (ADA); Hansen v. Danish Tourist Bd., 147 F.Supp.2d 142, 154-55 (E.D.N.Y. 2001). This statutory requirement effectively acts as a statute of limitations and these federal statutory employment discrimination claims are barred by the failure to file a timely charge. Van Zant v. KLM Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996). When the plaintiff fails to file a timely charge with the EEOC, a subsequent civil action is generally time-barred. Gomes v. Avco

Corp., 964 F.2d 1330, 1332-3 (2d Cir. 1992); Hansen, 147 F.Supp.2d at 155 (dismissing claims of discrimination that occurred prior to 300 days before plaintiff filed EEOC charge as untimely). "[A] right to sue letter enables a private suit only if it is issued in connection with an administrative charge that is timely filed." McPherson, 457 F.3d at 214.

Here, plaintiff alleges that she did not return to her workplace on February 14, 2004, see Compl. at 48. Plaintiff does not provide the date she filed her charge of discrimination with the EEOC. However, the EEOC letter states that her charge was "not timely filed." See Plaintiff's Exhibit A. The Second Circuit has recognized that the time limits established by Title VII are "subject to waiver, estoppel, and equitable tolling." Downey v. Runyon, 160 F.3d 139, 145 (2d Cir. 1998) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Equitable tolling may, in exceptional circumstances, excuse a failure to timely follow the filing requirements of Title VII, the ADEA or the ADA. See Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985). However, plaintiff has the burden to show that exceptional circumstances prevented her from filing the EEOC charge in order to equitably toll the 300-day filing period. See id.; Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

### D.  No Facts to Support a Title VII, ADEA or ADA claim

To the extent plaintiff names the proper defendant, the DOE, she fails to allege a short plain statement showing that she is entitled to relief under Title VII, the ADEA or the ADA. See e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) (only notice pleading required). A claim under Title VII must allege discrimination based on plaintiff's race, color, religion, gender or national origin, 42 U.S.C. § 2000e et seq., an ADEA claim must allege discrimination based on plaintiff's age, 29 U.S.C. § 621 et seq., and an ADA claim must allege discrimination based on plaintiff's disability. 42 U.S.C. § 12101 et seq. Plaintiff's 143-page complaint contains numerous descriptions

of her workplace disputes, but does not identify any discriminatory conduct on the part of the DOE. As presented, the complaint alleges workplace disputes and personality conflicts with her supervisor. Such conflicts do not rise to the level of a federal statutory violation. See Fisher v. Vassar Coll., 114 F.3d 1332, 1337 (2d Cir. 1997), *abrograted on other grounds*, Reeves v. Sanderson Plumb. Prods., 530 U.S. 133, 147-48 (2000); Kodengaga v. IBM Corp., 88 F.Supp.2d 236, 243 (S.D.N.Y. 2000). In light of plaintiff's *pro se* status, the Court grants plaintiff leave to amend her claims of discrimination.

## II. Claims under RICO

Plaintiff alleges violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, but she does not plead the necessary elements of a civil RICO claim. A plaintiff charging civil RICO violations must allege each of the claim's elements, including "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity," as well as "injury to business or property as a result of the RICO violation." Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999). The requisite "pattern ... of racketeering activity" required by 18 U.S.C. § 1961(5) must consist of two or more predicate acts of "racketeering," as enumerated in 18 U.S.C. § 1961(1). Civil RICO actions are subject to a four year limitations period. Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987). "Claims under RICO are subject to a high level of scrutiny due to their potential for abuse by civil litigants." Maltezos v. Marine Terrace Apts., No. 87 Civ. 7347, 1990 WL 52112 at *2 (S.D.N.Y. Apr. 13, 1990).

Here, plaintiff alleges that defendant Leinwand conspired with the DOE and the UFT to commit predicate acts involving, *inter alia*, bank, mail and wire fraud, extortion and embezzlement. Compl. at 107-140. Because plaintiff alleges fraud, the pleading requirements of Rule 9(b) of the

7

Federal Rules of Civil Procedure apply and plaintiff must allege the circumstances constituting fraud with particularity, including the relevant details of each act, such as when it was committed and how it was fraudulent. First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 178 (2d Cir. 2004) (affirming the dismissal of an amended complaint because the allegedly fraudulent acts "were not pled with sufficient particularity."); Mathon v. Feldstein, 303 F.Supp.2d 317, 323 (E.D.N.Y. 2004) (regardless of the plaintiff's *pro se* status, the "complaint must adequately specify the statements it claims were false or misleading, give particulars as to ... which ... statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements") (quotations omitted). Plaintiff has not alleged predicate acts with the requisite specificity for each defendant named. Wexner v. First Manhattan Co., 902 F.2d 169, 172-73 (2d Cir. 1990) (mail or wire fraud claim must specify the content, date and place of any alleged misrepresentation and the identity of the persons making them). The Court dismisses plaintiff's civil RICO claims, but grants plaintiff 30 days leave to replead.

### III.    Claims under the Civil Rights Act

Plaintiff asserts claims under the Civil Rights Act, 42 U.S.C. § 1983. Liberally construing plaintiff's complaint, she seeks to hold the City of New York liable for the actions of defendant Leinwand and other city employees. A city may be liable under § 1983 where "'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" Amnesty America v. Town of West Hartford, 361 F.3d 113, 124-25 (2d Cir. 2004) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). "Demonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a municipality can be held liable for

unconstitutional actions taken by municipal employees." Id. at 125. The municipality cannot be held liable simply on a theory of *respondeat superior*. Monell, 436 U.S. at 694. Though a plaintiff need not show the existence of an explicitly stated rule or regulation, plaintiff cannot prevail where as here she has not identified a policy or custom that caused the denial of a constitutional right. See Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). Therefore, the Court dismisses the claims against the City of New York, but grants plaintiff 30 days to replead.

## IV. Claim under ERISA

Plaintiff alleges that her pension plan with the DOE is in "constant turmoil." Compl. at 71. Although generally, a pension claim invokes the Court's jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, the Court has no jurisdiction to review this claim and it is dismissed because "ERISA's provisions do not govern public pension plans." Winston v. City of New York, 580 F.Supp.1470, 1476 (E.D.N.Y. 1984), *rev'd in part on other grounds*, 759 F.2d 242 (2d Cir. 1985).

## V. Claim under the LMRA - Duty of Fair Representation

Plaintiff alleges that the UFT failed to represent her in grievances before the DOE in violation of the collective bargaining act. Generally, suits against unions for breaching a duty of fair representation may be brought in the federal courts under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. However, the LMRA does not apply to employees of "any State or political subdivision thereof," 29 U.S.C. § 152(2) (definition of "employer"), such as the DOE. Therefore, the Court does not have jurisdiction to consider this claim under the LMRA and it is dismissed. B.K. Solomon-Lufti v. New York City Dep't of Educ., No. 05 Civ.7260 (GBD), 2006 WL 2664218, at *4 (S.D.N.Y. Sept. 13, 2006); Harris v. UFT, New York City Local 2, No. 02 Civ. 3257 (GEL), 2002 WL 1880391, at *1 (S.D.N.Y. Aug. 14, 2002), Corredor v. UFT, No. 96 Civ. 428

(LMM), 1997 WL 122877, at *1 (S.D.N.Y. Mar. 18, 1997), *aff'd*, 162 F.3d 1147, 1998 WL 639403 (2d Cir. 1998); Sampson v. UFT, No. 89 Civ. 5357 (JFK), 1990 WL 48048, at *2-3 (S.D.N.Y. Apr. 10, 1990).

## VI. Supplemental Jurisdiction - State Law Claims

As for plaintiff's state law claims, the Court may decline to exercise jurisdiction over the state law claims if the federal claims against defendants are dismissed. See Kolari v. New York-Presbyterian Hospital, 455 F.3d 118, 119 (2d Cir. 2006) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)); Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1177 (2d Cir. 1996) (noting that claims brought under New York Human Rights Law are considered in tandem with plaintiff's Title VII claims). Furthermore, in order to proceed against the City of New York and its employees for state law tort claims, plaintiff must file a notice of claim pursuant to N.Y. Gen. Mun. Law §§ 50-e, 50-i, within 90 days of the incident giving rise to the claim. See Hardy v. NYC Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999) (holding that in federal court, state notice-of-claim statutes apply to state law claims).

## VII. Rooker-Feldman Doctrine

Plaintiff alleges that she filed an unsuccessful Article 78 proceeding in state court concerning some claims presented herein. This Court lacks jurisdiction pursuant to the Rooker-Feldman doctrine to review claims raised in a state court action where a judgment dismissing the claims has been entered. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); see also Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005). In Hoblock v. Albany Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005), the Second Circuit stated the four requirements for Rooker-Feldman to apply: (1) "the federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a

state-court judgment"; (3) plaintiff must invite district court review and rejection of that judgment"; and (4) the "state court judgment must have been rendered before the district court proceedings commenced." Here, it is unclear whether all of plaintiff's claims were presented to the state court. The Court directs plaintiff to provide a brief description of the claims raised in the Article 78 and to attach a copy of the pleadings and decisions of the state court case to any amended complaint she files.

## Leave to Amend

In light of plaintiff's *pro se* status, the Court affords plaintiff an opportunity to replead her employment discrimination claims to correct the deficiencies noted above. Plaintiff's amended complaint must: (1) provide the date she filed her charge of discrimination, (2) state facts sufficient to show how the DOE discriminated against her under Title VII, the ADEA and the ADA, and (3) include a copy of the charge filed with the EEOC to show what claims she raised at the agency level. Since it appears that plaintiff's discrimination charge was not timely filed, she must raise facts to support equitable tolling of the 300-day period. If plaintiff fails to replead her claims under Title VII, the ADEA and the ADA within 30 days, her claims shall be dismissed. 28 U.S.C. § 1915(e)(2)(B). Furthermore, plaintiff's amended complaint must: (a) plead with particularity the civil RICO claims against each defendant; (b) plead facts to show the existence of an officially adopted custom, policy or practice by the City of New York which violated her constitutional rights under 42 U.S.C. § 1983; (c) state the basis and outcome of the Article 78 proceeding and attach the Article 78 decision as an exhibit to the amended complaint. If plaintiff fails to replead within 30 days as directed above, this action shall be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

Accordingly, the claims under ERISA and the LMRA are hereby dismissed with prejudice, as well as any individual liability claims against defendant Leinwand and other individual defendants under Title VII, the ADEA, and the ADA for failure to state a claim. 28 U.S.C. § 1915 (e)(2)(B). The claims under civil RICO and the Civil Rights Act, are dismissed with leave to replead within 30 days as set forth above.

Plaintiff Susan Tropeano is hereby directed to file an amended complaint within 30 days from the date of this Order as set forth above. It must be captioned, "AMENDED COMPLAINT," and bear the same docket number as this Order, 06-CV-2218 (SLT). No summons shall issue at this time. All proceedings shall be stayed for 30 days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, judgment dismissing the complaint shall be entered.

Plaintiff's request to reassign this matter to the Central Islip Courthouse is denied without prejudice. Plaintiff is advised that, if necessary, the Court may hold telephonic conferences whenever possible in order to alleviate any problems regarding travel to the Brooklyn courthouse.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
October 30, 2006